UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-10118-CIV- GOODMAN

**[CONSENT CASE]**

KEITH HOLT, et al.,

    Plaintiffs,

vs.

CHRISTOPHER R. GARNER, et al.,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter arises from a dispute within a now-dissolved closely-held corporate entity. Plaintiffs are MSVEX Florida Limited Corp. ("MSVEX"), a Florida corporation, and Keith Holt ("Holt"), an alleged fifty-percent shareholder in, and corporate officer of, MSVEX. Plaintiffs allege that Holt and Defendant MSV Explorer, Ltd. ("MSV") are the sole shareholders in MSVEX and that they are presently deadlocked in the management of corporate affairs. [ECF No. 1-1, pp. 1-2]. As a result, Plaintiffs seek judicial dissolution of MSVEX pursuant to Florida Statute § 607.1430, as well as partition of MSVEX's sole asset, a boat. [*Id.*, at pp. 2-4].

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [ECF No. 7]. Defendants claim that the corporation is *already* dissolved and submitted the Articles of Dissolution [ECF No. 7-1]

and a printout from the Florida Secretary of State's website [ECF No. 7-2] to support the assertion. Because there is no corporation to dissolve, Defendants claim, there is no case or controversy and thus the Court cannot hear the matter. Defendants additionally claim that the sole asset of the corporation, a 1977 Catamaran vessel that Plaintiffs seek to partition, was never actually owned by the corporation, and they therefore contend that this issue is moot, as well. Plaintiffs oppose the motion. [ECF No. 10]. Defendants did not file a reply and the time to do so has now passed.

For the reasons outlined below, the Undersigned **grants in part** and **denies in part** Defendants' motion to dismiss. Plaintiffs' first claim -- to dissolve MSVEX -- is **dismissed without prejudice**, but Plaintiffs may file an Amended Complaint by March 30, 2016.

<u>LEGAL STANDARD AND ANALYSIS</u>

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991). A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. *Stalley ex rel. United States v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "[A] factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233.

The requirements needed to establish constitutional standing are straightforward: (1) a plaintiff must have suffered an injury in fact; (2) the injury must be causally connected to the defendant's action; and (3) it must be likely that the injury will be redressed by a judgment in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation. Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

Plaintiffs seek to dissolve MSVEX and to partition its assets in accordance with the Florida Statutes. [ECF No. 1-1]. However, MSVEX was voluntarily dissolved on January 5, 2015. [ECF Nos. 7-1; 7-2]. Plaintiffs do not contest the legitimacy of the documentation submitted by Defendants (the Articles of Dissolution [ECF No. 7-1] and a printout from the Florida Secretary of State's website [ECF No. 7-2]) showing that MSVEX was voluntarily dissolved pursuant to Section 607.1401 of the Florida Statutes.

Plaintiffs' response to the motion to dismiss contends that Defendants fraudulently dissolved MSVEX. [ECF No. 10, pp. 3-4]. Plaintiffs claim that MSVEX has not been *legally* dissolved, so therefore this Court may still proceed with a judicial dissolution. Plaintiffs do not support this argument with any statutory citations or case law references. The Undersigned reviewed the applicable statutes as well and cannot find any support for the argument that a Court may proceed with a judicial dissolution

of a corporation *after* the corporation was already dissolved. There is no provision allowing for a second dissolution, nor any direction for how a court would proceed with a subsequent dissolution. Furthermore, Plaintiffs' complaint strictly seeks only judicial dissolution of the corporate entity; the complaint does not seek relief for a *fraudulent* dissolution.

Notwithstanding this legal landscape, Plaintiffs submitted a letter, purportedly from Defendant Christopher Garner (in his capacity as CEO of Defendant MSV), in which he seemingly admits that the dissolution was improper and that he has "reinstated the corporation." [ECF No. 10-2]. First, as noted above, Plaintiffs' complaint is for judicial dissolution of the corporation, not for a fraudulent dissolution that already occurred. Thus, any evidence to support fraudulent dissolution is not relevant to the complaint as presently drafted. Second, outside of this single statement in a letter drafted six months *before* the printout from the Secretary of State's website showing that the corporation remains dissolved [ECF No. 7-2], Plaintiffs have submitted no evidence showing that the corporation was actually reinstated or "undissolved."[1]

---

[1] In confirming the printout from the Secretary of State's website, the Undersigned finds that the corporation still remains dissolved. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=MSVEXFLORIDA%20P140000516470&aggregateId=domp-p14000051647-6c16f096-c653-45da-be96-4d729ef3b708&searchTerm=msvex&listNameOrder=MSVEXFLORIDA%20P140000516470 (last visited on Mar. 10, 2016).

Thus, for these reasons, Plaintiffs' claim seeking the relief of judicial dissolution cannot proceed; the corporation has already been dissolved and so "the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc.*, 162 F.3d at 629 (11th Cir. 1998). That claim is accordingly **dismissed without prejudice**.[2]

Defendants separately argue that the partition claim should be dismissed because the vessel at issue which Plaintiffs seek to partition is not actually an asset of MSVEX. [ECF No. 7, pp. 4-5]. First, Defendants present a handwritten contract dated June 2, 2014 [ECF No. 7-3], purporting to show that the vessel was, in fact, sold by third party Judy Marie Dahlfues to Defendants, not MSVEX. Second, Defendants submitted a United States Coast Guard "Bill of Sale," signed February 17, 2015, purporting to document this same transaction. [ECF No. 7-4]. And third, Defendants present a document issued by the Coast Guard on June 3, 2015, confirming deletion of the official United States documentation of the vessel upon its sale by Defendants in a foreign jurisdiction. Therefore, according to Defendants, the vessel is not, and *never* was, an asset of MSVEX to be partitioned, and so the Court cannot provide relief to Plaintiffs.

Plaintiffs argue to the contrary. First, Plaintiffs claim that Defendants' evidence of vessel ownership may not be relied upon. [ECF No. 10, pp. 4-5]. Additionally, Plaintiffs submit a "Certificate of Documentation" from the Coast Guard, issued on

---

[2]  Because I am not deciding this case on the merits, I am dismissing the case *without prejudice*. *See Cone Corp.*, 921 F.2d at 1192 n. 3 ("Because we do not decide this appeal on the merits, we must direct the district court to dismiss the case without prejudice.").

5

June 10, 2014, that purports to show that the vessel at issue was, in fact, sold to MSVEX, not Defendants. [ECF No. 10-1, pp. 14-15].

The jurisdictional question here clearly overlaps with the factual issues that will need to be determined at later stages of the action -- namely, whether MSVEX owns the vessel at issue to be partitioned.

In contrast to the circumstances when a court analyzes a Rule 12(b)(6) motion, a court evaluating a Rule 12(b)(1) motion may make findings on disputed facts to reach its conclusion. *See Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)[3] ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.") However, "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946). "[I]f an attack on subject matter jurisdiction also implicates an element of the cause of action, then . . . 'the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is

---

[3] *See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit, all decisions of the former Fifth Circuit announced prior to October 1, 1981).

6

dismissed on the merits.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Williamson*, 645 F.2d at 415).

Defendants' claim of a lack of subject matter jurisdiction is an indirect attack on the merits of Plaintiffs' case. The Undersigned therefore finds that, concerning the partition claim, there is subject matter jurisdiction in light of Plaintiffs' claim of ownership and submission of documentation that contradicts Defendants' own claims of ownership. The heart of a partition claim is ownership over the subject property, and so the Court will address Defendants' "objection as a direct attack on the merits of the plaintiff's case[,]" for which, the most prudent course of action is for the Court to recognize jurisdiction and to allow the case to be decided on the merits of the claim.

Therefore, concerning the partition claim, Defendants' motion to dismiss is **denied**.[4]

## CONCLUSION

Therefore, the Undersigned **grants in part and denies in part** Defendants' motion to dismiss. The current relief sought by Plaintiffs in the first count is moot, but,

---

[4] In a footnote, Defendants also make the claim that "it goes without saying that MSVEX had no ability to file this lawsuit more than one month after it ceased to exist[.]" To the extent that this is further argument supporting dismissal, the Undersigned rejects it. Contrary to Defendants' assertion, "[d]issolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name." Fla. Stat. 607.1405(2)(e). While Plaintiffs' specific claim for dissolution is rendered moot by the prior filing of the Articles of Dissolution, the dissolved corporate entity may still partake in litigation concerning the partition action, as well as, perhaps, in an additional claim that may be submitted in an amended complaint.

under this same set of facts, Plaintiffs may still pursue other relief. Accordingly, the Undersigned will provide Plaintiffs with the opportunity to file an amended complaint by March 30, 2016.

**Done and Ordered** in Chambers, in Miami, Florida, March 16 2016.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record